**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AJF Engineering, Inc., | ) | No. CV 05-3862-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Willie James Wade, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Willie James Wade, et al., | ) | |
| Counterclaimants, | ) | |
| vs. | ) | |
| AJF Engineering, Inc., | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

Pending before the Court is the parties' Stipulation to File Plaintiffs's First Amended Complaint for Damages and Injunctive Relief.  (Dkt. 33.)   Good cause appearing,

**IT IS HEREBY ORDERED GRANTING** the parties' Stipulation to File Plaintiffs's First Amended Complaint for Damages and Injunctive Relief.  (Dkt. 33.)

/ / /

/ / /

1    **IT IS FURTHER ORDERED**  that the Clerk of Court shall file the attached First

2  Amended Complaint as the First Amended Complaint in this action.

3    DATED this 25th day of September, 2006.

4

5

6    _____
     Stephen M. McNamee
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Maria Crimi Speth #012574
    David N. Farren #007384
2   **JABURG & WILK, P.C.**
    3200 North Central Avenue, Suite 2000
3   Phoenix, Arizona 85012
    (602) 248-1000
4   Attorneys for Plaintiff

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF ARIZONA**

10

11  AJF ENGINEERING, INC., an Arizona    Case No:
    corporation,

12            Plaintiff,

13  v.                                   **FIRST AMENDED COMPLAINT FOR**
                                         **DAMAGES AND INJUNCTIVE**
14  WILLIE JAMES WADE and JENNIFER       **RELIEF**
    WADE, husband and wife; WILLIE
15  JAMES WADE dba THE ENGLISH
    INSPECTOR; STEVEN JURASZEK and
16  STACEY JURASZEK, husband and wife;
    STEVEN JURASZEK dba INSPECT THE
17  BEST,

18            Defendants.

19

20      Plaintiff AJF Engineering, Inc. ("AJF" or "Plaintiff") alleges:

21      **I.    IDENTIFICATION OF THE PARTIES AND JURISDICTION**

22      1.      This Complaint alleges violations of federal copyright laws and other rights

23  and related, independent state law claims.

24      2.      Plaintiff is an Arizona corporation with its principal place of business in

25  Arizona.

26      3.      Upon information and belief, Defendants Willie James Wade ("Wade") and

27  Jennifer Wade (collectively, the "Wade Defendants") are, and at all relevant times have

28

    7639-0/TAC/TAC/540180_v1

1   been, a married couple, residents of the State of Arizona and/or have caused events to

2   occur in Arizona out of which Plaintiff's claims arise.

3       4.      All conduct on the part of Wade alleged herein was in furtherance of and for

4   the benefit of his marital community.

5       5.      Upon information and belief, Defendants Steven Juraszek ("Juraszek") and

6   Stacey Juraszek (collectively, the "Juraszek Defendants") are, and at all relevant times

7   have been, a married couple, residents of the State of Arizona and/or have caused events

8   to occur in Arizona out of which Plaintiff's claims arise.

9       6.      All conduct on the part of Juraszek alleged herein was in furtherance of and

10  for the benefit of his marital community.

11      7.      Upon information and belief, Defendant Willie James Wade dba The

12  English Inspector ("TEI") is, and at all relevant times has been, a sole proprietorship

    owned and operated by Wade with its principal place of business in Arizona.

13      8.      At or about the time Plaintiff's claims arose, TEI began doing business

14  in, and has since continued doing business in, Arizona. Furthermore, TEI has caused

15  events to occur in Arizona out of which Plaintiff's claims arise.

16      9.      Upon information and belief, Defendant Steven Juraszek dba Inspect the

17  Best ("ITB") is, and at all relevant times has been, a sole proprietorship owned and

18  operated by Juraszek with its principal place of business in Arizona.

19      10.     At or about the time Plaintiff's claims arose, ITB began doing business

20  in, and has since continued doing business in, Arizona. Furthermore, ITB has caused

21  events to occur in Arizona out of which Plaintiff's claims arise.

22      11.     This Court has subject matter jurisdiction of the federal claims alleged in

23  this complaint under 17 U.S.C.A. §501, 28 U.S.C. §1331, 28 U.S.C. §1338(a) and/or 28

24  U.S.C. §1367.

25      12.     This Court has supplemental subject matter jurisdiction of the state law

26  claims alleged in this complaint under 28 U.S.C. §1367.

27      13.     All Defendants currently reside in, maintain their principal place of

28  business in and/or are doing business in the District of Arizona, and a substantial part of

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

2

7639-0/TAC/TAC/540180_v1

1  the events, acts or omissions giving rise to the claims alleged in this Complaint occurred

2  within the District of Arizona. As such, jurisdiction over the parties and venue are proper

3  in the District of Arizona under 28 U.S.C. §1391 and/or 28 U.S.C.A. §1400(a).

## II.    BACKGROUND AND FACTS

### A.    The Protected Report

14.    AJF is in the business of conducting residential home inspections. It employs inspectors who are certified by the Arizona State Board of Technical Registration to perform such inspections.

15.    Upon completing a home inspection, AJF employee inspectors issue a report to the client, often the owner or purchaser of the property, setting forth a detailed analysis of the inspection and presenting the inspector's findings and recommendations concerning the subject property.

16.    For over the past nine years, beginning in approximately 1996, AJF has created, developed and produced for its own use and application an original work of authorship in the form of a standardized report that sets forth the findings and conditions of the home inspections (the "Protected Report"). The Protected Report contains a substantial amount of textual material created by Plaintiff's own skill, labor and judgment and is used by Plaintiff to assist its employee inspectors in preparing a fast, efficient and thorough home inspection report.

17.    AJF has invested substantial time, money and effort to create, develop and produce the Protected Report.

18.    AJF is the legal and registered owner of the federal copyright to the Protected Report and related materials issued by the United States Copyright Office on October 25, 2005, Certificate of Registration No. TXu-160-034. A true and correct copy of the Certificate of Registration is attached as Exhibit A to this Complaint.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

3

7639-0/TAC/TAC/540180_v1

19. Defendant Wade is a former AJF employee home inspector. Wade left the employ of AJF in April 2005 and, at or about the same time, began competing with AJF by performing home inspections individually and/or through TEI.

20. Upon information and belief, prior to and upon leaving AJF's employ, Wade misappropriated and copied for his own use, individually and/or through TEI, substantial portions of the Protected Report and related materials in violation of Plaintiff's federal copyright and other rights alleged herein and has profited from such activities for his own and TEI's financial gain and competitive advantage.

21. Upon information and belief, prior to and upon leaving AJF's employ, Wade misappropriated and converted for his own use and benefit property owned by AJF relating to its business. Such actions were in direct and material breach of Wade's employment agreement with AJF dated September 19, 2003 (the "Wade Contract") (a true and correct copy of which is attached as Exhibit B to this Complaint) and constituted deliberate, wrongful and tortious conduct entitling AJF to damages.

22. Upon information and belief, prior to leaving AJF's employ, Wade conducted a home inspection and prepared a report of his findings in an incompetent and negligent manner, causing a third-party claim to be made against AJF for damages; AJF is entitled to be indemnified for any and all costs, expenses and liabilities incurred by reason of such third-party claim pursuant to the indemnity provisions of the Wade Contract.

23. Defendant Juraszek is a former AJF independent contractor home inspector. Juraszek left the employ of AJF in April 2005 and, at or about the same time, began competing with AJF by performing home inspections individually and/or through ITB.

24. Upon information and belief, prior to and upon leaving AJF's employ, Juraszek misappropriated and copied for his own use, individually and/or through ITB, substantial portions of the Protected Report and related materials in violation of Plaintiff's

4

7639-0/TAC/TAC/540180_v1

federal copyright and other rights alleged herein and has profited from such activities for his own and ITB's financial gain and competitive advantage.

25.     Upon information and belief, prior to and upon leaving AJF's employ, Juraszek misappropriated and converted for his own use and benefit property owned by AJF relating to its business. Such actions were in direct and material breach of Juraszek's Independent Contractor Agreement with AJF dated April 9, 2001 (the "Juraszek Contract") (a true and correct copy of which is attached as Exhibit C to this Complaint) and constituted deliberate, wrongful and tortious conduct entitling AJF to damages.

26.     Upon information and belief, prior to leaving AJF's employ, Juraszek conducted a home inspection and prepared a report of his findings in an incompetent and negligent manner, causing a third-party claim to be made against AJF for damages; AJF is entitled to be indemnified for any and all costs, expenses and liabilities incurred by reason of such third-party claim pursuant to the indemnity provisions of the Juraszek Contract.

27.     None of the Defendants are licensed users of the Protected Report or are otherwise authorized to copy or use the Protected Report in any way or for any purpose.

28.     Each of the Defendants has misappropriated and copied (in many significant respects verbatim) substantial portions of the form, text, organization and content of the Protected Report in violation of Plaintiff's federal copyright and other rights alleged herein.

29.     Despite demand, Wade, individually and/or through TEI, has continued to use the Protected Report, substantial portions thereof and/or works copied or derived therefrom in violation of Plaintiff's federal copyright and other rights alleged herein from and after the date he left AJF's employ.

30.     Despite demand, Wade has failed to return or to pay for the property he misappropriated when he left AJF's employ or to indemnify AJF from and against the third-party claim made against AJF due to Wade's incompetence and negligence.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

5

31.     Despite demand, Juraszek, individually and/or through ITB, has continued to use the Protected Report, substantial portions thereof and/or works copied or derived therefrom in violation of Plaintiff's federal copyright and other rights alleged herein from and after the date he left AJF's employ.

32.     Despite demand, Juraszek has failed to return or to pay for the property he misappropriated when he left AJF's employ or to indemnify AJF from and against the third-party claim made against AJF due to Juraszek's incompetence and negligence.

33.     Each Defendant's conduct and infringement of Plaintiff's copyright and other rights alleged herein was willful.

34.     By reason of the each Defendant's infringement of Plaintiff's copyright, as alleged herein, Plaintiff is entitled to injunctive and monetary relief pursuant to 17 U.S.C.A. §§502 *et seq*.

35.     By reason of the each Defendant's breach(es) of contract and/or other wrongful conduct alleged herein, Plaintiff is entitled to damages, fees and costs pursuant to applicable state laws.

**B.      The Protected Website**

36.     Plaintiff has invested substantial time, money and effort to create, develop and produce the textual and visual content of its website.

37.     Plaintiff is the legal and registered owner of the federal copyright to the text and visual content contained on the website.  The registration was issued by the United States Copyright Office on April 26, 2006, Certificate of Registration No. TXu 1-277-801.  A true and correct copy of the Certificate of Registration is attached as **Exhibit "D"** to this Complaint and incorporated herein (hereinafter, "the Protected Website").

38.     Upon information and belief, Juraszek, individually and/or through ITB, has misappropriated and copied for their own use all or substantial portions of the Protected Website in violation of Plaintiff's federal copyright and has profited from such activities for their own financial gain and competitive advantage.

6

7639-0/TAC/TAC/540180_v1

39.     Juraszek and/or ITB are not licensed users of the Protected Website and are not otherwise authorized to copy or use the Protected Website in any way or for any purpose.

40.     Juraszek and/or ITB have misappropriated and copied (in many significant respects verbatim) substantial portions of the form, text, organization and content of the Protected Website in violation of Plaintiff's federal copyright. A true and correct copy of the infringing website is attached as **Exhibit "E"** to this Complaint and incorporated herein.

41.     Juraszek's and/or ITB's conduct and infringement of Plaintiff's copyright was and continues to be willful.

42.     By reason of Juraszek's and/or ITB's infringement of Plaintiff's copyright, as alleged herein, Plaintiff is entitled to injunctive and monetary relief pursuant to 17 U.S.C.A. §§502 *et seq*.

43.     By reason of Juraszek's and/or ITB's wrongful conduct alleged herein, Plaintiff is entitled to damages, statutory damages, fees and costs.

## COUNT I:  COPYRIGHT INFRINGEMENT
### (WADE and TEI DEFENDANTS – PROTECTED REPORT)
### (17 U.S.C. §101 et. seq.)

44.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

45.     AJF has complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright and is the legal and registered owner of the copyright to the Protected Report and related materials, as evidenced by the Certificate of Registration No. TXU160034, attached as Exhibit A to this Complaint, and other rights granted by law.

46.     Beginning sometime prior to and upon leaving AJF's employ and continuing unabated thereafter, Wade copied and/or misappropriated for his own use, individually and/or through TEI, the Protected Reports and related materials and/or

7

7639-0/TAC/TAC/540180_v1

1    substantial portions thereof in violation of Plaintiff's federal copyright and other rights

2    alleged herein, using copies thereof or works derived therefrom, and has profited from

3    such activities for his own and TEI's financial gain and competitive advantage.

4        47.    AJF is the sole owner of all rights, title and interest in and to the

5    Protected Report and related materials.

6        48.    AJF has demanded that Defendants Wade and TEI stop copying and/or

7    unlawfully using Plaintiff's copyrighted materials without its consent, but Defendants

8    have refused to cease their infringing activities.

9        49.    Defendants' conduct has been in willful violation of AJF's copyright and

10   other protected interests.

11       50.    The specific acts of infringement described herein are representative of a

     broader pattern of conduct, which includes unfair competition.

12       51.    Defendants' conduct violates the exclusive rights belonging to AJF as

13   owner of the copyright and other rights pertaining to the Protected Report and related

14   materials, including, without limitation, Plaintiff's rights under 17 U.S.C.A. §106.

15       52.    Upon information and belief, AJF alleges that, as a direct and proximate

16   result of their wrongful conduct, Defendants have realized and continue to realize profits

17   and other benefits rightfully belonging to AJF. Accordingly, AJF seeks damages pursuant

18   to 17 U.S.C.A. §504 and 17 U.S.C.A. §505.

19       53.    Upon information and belief, Defendants have willfully engaged in, and

20   are willfully engaging in, the acts complained of with oppression, fraud and malice and in

21   conscious disregard of the rights of AJF, and, as such, AJF is entitled to the maximum

22   statutory damages allowable.

23       54.    AJF has suffered damages as a result of the infringing activities alleged

24   herein in an amount to be proved at trial.

25       55.    AJF is entitled to recover statutory damages and, in addition, its general,

26   consequential, incidental and special damages, including, but not limited to, lost profits

27   and costs of injunctive relief.

28

8

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

7639-0/TAC/TAC/540180_v1

1    WHEREFORE, Plaintiff requests that judgment be entered against the Wade
2    Defendants and Defendant TEI, and each of them, as follows:

3        1.    For an order directing Defendants to account to Plaintiff for all gains,
4    profits and advantages derived by them by their wrongful conduct;

5        2.    Because Defendants have intentionally infringed and continue to
6    infringe Plaintiff's copyrights, for an award of the maximum allowable statutory damages
7    for each copyright law violation;

8        3.    For an award of actual and/or statutory damages in an amount to be
9    determined at trial;

10       4.    For an order directing Defendants to disgorge all profits obtained by
11   their wrongful conduct;

12       5.    For an award of punitive damages;

13       6.    For an award of attorney fees and other disbursements incurred in
14   this action pursuant to 17 U.S.C.A. §505, 15 U.S.C. §1117 and/or state law, including,
15   without limitation, A.R.S. §12-341.01(A) and/or (C); and

16       7.    For such other and further relief as the Court deems just and proper.

### COUNT II: COPYRIGHT INFRINGEMENT
### (JURASZEK and ITB DEFENDANTS – PROTECTED REPORT)
### (17 U.S.C. §101 et. seq.)

56.    Plaintiff incorporates all allegations set forth in this Complaint as though
fully set forth herein.

57.    AJF has complied in all respects with the United States Copyright Act of
1976 and all other laws governing copyright and is the legal and registered owner of the
copyright to the Protected Report and related materials, as evidenced by Certificate of
Registration No. TXu-160-034, attached as Exhibit A to this Complaint.

58.    Beginning sometime prior to and upon leaving AJF's employ, and
continuing unabated thereafter, Defendant Juraszek copied and/or misappropriated for his
own use, individually and/or through ITB, the Protected Report and related materials and/
or substantial portions thereof in violation of Plaintiff's federal copyright and other rights

9

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3100 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1    alleged herein, using copies thereof or works derived therefrom, and has profited from

2    such activities for his own and ITB's financial gain and competitive advantage.

3        59.        AJF is the sole owner of all rights, title and interest in and to the

4    Protected Report and related materials.

5        60.        AJF has demanded that Defendants Juraszek and ITB stop copying and/

6    or unlawfully using Plaintiff's copyrighted materials without its consent, but Defendants

7    have refused to cease their infringing activities.

8        61.        Defendants' conduct has been in willful violation of AJF's copyrights

9    and interests.

10        62.        The specific acts of infringement described herein are representative of a

     broader pattern of conduct, which includes unfair competition.

11

12        63.        Defendants' conduct violates the exclusive rights belonging to AJF as

     owner of the copyright to and other rights pertaining to the Protected Report and related

13   materials, including, without limitation, Plaintiff's rights under 17 U.S.C.A. §106.

14        64.        Upon information and belief, AJF alleges that, as a direct and proximate

15   result of their wrongful conduct, Defendants have realized and continue to realize profits

16   and other benefits rightfully belonging to AJF. Accordingly, AJF seeks damages pursuant

17   to 17 U.S.C.A. §504 and 17 U.S.C.A. §505.

18        65.        Upon information and belief, Defendants have willfully engaged in, and

19   are willfully engaging in, the acts complained of with oppression, fraud and malice and in

20   conscious disregard of the rights of AJF, and, as such AJF is entitled to the maximum

21   statutory damages allowable.

22        66.        AJF has suffered damages as a result of Defendants' infringing activities

23   in an amount to be proved at trial.

24        67.        AJF is entitled to recover statutory damages and, in addition, its general,

25   consequential, incidental and special damages, including, but not limited to, lost profits

26   and cost of injunctive relief.

27        WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek

     Defendants and Defendant ITB, and each of them, as follows:

28

                                                10

7639-0/TAC/TAC/540180_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3100 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1.    For an order directing Defendants to account to Plaintiff for all gains, profits and advantages derived by them by their wrongful conduct;

2.    Because Defendants intentionally infringed and continue to infringe Plaintiff's copyrights, for an award of the maximum allowable statutory damages for each copyright law violation;

3.    For an award of actual and/or statutory damages in an amount to be determined at trial;

4.    For an order directing Defendants to disgorge all profits obtained by their wrongful conduct;

5.    For an award of punitive damages;

6.    For an award of costs, attorney fees and other disbursements incurred in this action pursuant to 17 U.S.C.A. §505, 15 U.S.C. §1117 and state law, including, without limitation, A.R.S. §12-341.01(A) and/or (C); and

7.    For such other and further relief as the Court deems just and proper.

## COUNT III: UNFAIR COMPETITION
## (WADE and TEI DEFENDANTS)

68.    Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

69.    The tort of unfair competition includes conduct that is contrary to honest practice in industrial or commercial matters or otherwise infringes upon accepted business principles concerning fair dealing and rules of fair play and good conscience and lacks social utility.

70.    The use by Defendants Wade and TEI of AJF's copyrighted materials to attempt to gain a competitive edge over AJF as alleged herein is actionable as an independent tort of unfair competition.

71.    Defendants' conduct as alleged herein has proximately caused damage in an amount to be proved at trial.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

11

7639-0/TAC/TAC/540180_v1

72.     Defendants' conduct as alleged herein was willful or malicious and/or done with improper motive or reckless disregard for the consequences sufficient to support imposition of punitive damages.

73.     AJF is entitled to recover its general, special, consequential, nominal and punitive damages resulting from Defendants' unlawful unfair competition.

74.     AJF is entitled to an award of its costs and attorney fees incurred in this action pursuant to the Wade Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01 (A) and/or (C).

WHEREFORE, Plaintiff requests that judgment be entered against the Wade Defendants and TEI, and each of them, as follows:

1.     For an award of its general, special, consequential, nominal and punitive damages, and granting civil fines, in an amount to be proved at trial;

2.     For an award of its costs and attorney fees; and

3.     For such other and further relief as the Court deems just and proper.

## COUNT IV: UNFAIR COMPETITION
## (JURASZEK and ITB DEFENDANTS)

75.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

76.     The tort of unfair competition includes conduct that is contrary to honest practice in industrial or commercial matters or otherwise infringes accepted business principles concerning fair dealing and rules of fair play and good conscience and lacks social utility.

77.     The use by Defendants Juraszek and ITB of AJF's copyrighted materials to attempt to gain a competitive edge over AJF as alleged herein is actionable as an independent tort of unfair competition.

78.     Defendants' conduct as alleged herein has proximately caused damage in an amount to be proved at trial.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

12

7639-0/TAC/TAC/540180_v1

79.     Defendants' conduct as alleged herein was willful or malicious and/or done with improper motive or reckless disregard for the consequences sufficient to support imposition of punitive damages.

80.     AJF is entitled to recover its general, special, consequential, nominal and punitive damages resulting from Defendants' unlawful unfair competition.

81.     AJF is entitled to an award of its costs and attorney fees incurred in this action pursuant to the Juraszek Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A) and/or (C).

WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek Defendants and ITB, and each of them, as follows:

1.     For an award of its general, special, consequential, nominal and punitive damages, and grant civil fines, in an amount to be proved at trial;

2.     For an award of its costs and attorney fees;

3.     For such other and further relief as the Court deems just and proper.

## COUNT V: BREACH OF CONTRACT
## (FAILURE TO RETURN COMPANY PROPERTY)
## (WADE DEFENDANTS)

82.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

83.     The Wade Contract, a copy of which is attached as Exhibit B to this Complaint, provides in relevant part:

> 1.  Corporation's Property.   It is understood and acknowledged by Employee [Wade] that all equipment, computer systems and software, correspondence, client requirements, price sheets, drawings, papers, plans specifications, and client leads, training and educational materials and other documents, writing and things of any sort for use in or relating to Corporation's business . . . . . are and shall remain the sole and exclusive property of Corporation, and Employee agrees to surrender all such documents and things to Corporation at any time upon demand, and in any event upon the termination of his employment.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

13

7639-0/TAC/TAC/540180_v1

(Wade Contract, Exhibit B, para. 1, p. 1).

84.     Upon termination of his engagement with AJF, Defendant Wade breached Paragraph 1 of the Wade Contract by failing to return and deliver to AJF the following property belonging to AJF and relating to AJF's business: (a) textual materials derived from, copied from and/or comprising a substantial portion of the Protected Report and any copies thereof (the "Stolen Property").

85.     Defendant's breach of Section 1 of the Wade Contract by failing to return the Stolen Property to AJF upon termination of his engagement with AJF was a material breach of the contract.

86.     Defendant has refused to return the Stolen Property to AJF despite repeated demands to do so.

87.     As a direct and proximate result of Defendant's breach of Section 1 of the Wade Contract, AJF is entitled to recover its general, special, consequential and nominal damages in an amount to be proved at trial.

88.     AJF is entitled to an award of its costs and attorney fees incurred in this action pursuant to the Wade Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A) and/or (C).

WHEREFORE, Plaintiff requests that judgment be entered against the Wade Defendants, and each of them, as follows:

1.     For an award of its general, special, consequential and nominal damages in an amount to be proved at trial;

2.     For an award of its costs and attorney fees;

3.     For such other and further relief as the Court deems just and proper.

## COUNT VI: CONVERSION
## (WADE DEFENDANTS)

89.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

14

7639-0/TAC/TAC/540180_v1

1    90.    As previously alleged, upon termination of his engagement with AJF,
2    Defendant Wade failed to return and deliver the Stolen Property to AJF.

3    91.    The Stolen Property is property owned by and belonging to AJF, as
4    Defendant Wade acknowledged and agreed to in Paragraph 1 of the Wade Contract.
5    (Wade Contract, Exhibit B, para. 1, p. 1).

6    92.    Defendant's conduct was willful or malicious and/or done with improper
7    motive or reckless disregard for the consequences sufficient to support imposition of
8    punitive damages.

9    93.    As a direct and proximate result of Defendant's conduct, AJF has
10   sustained damages in an amount to be proved at trial.

11   94.    As a direct and proximate result of Defendant's conduct, AJF is entitled
     to recover its general, special, consequential, nominal and punitive damages in an amount
12   to be proved at trial.

13   95.    AJF is entitled to an award of its costs and attorney fees incurred in this
14   action pursuant to the Wade Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A)
15   and/or (C).

16   WHEREFORE, Plaintiff requests that judgment be entered against the Wade
17   Defendants, and each of them, as follows:

18   1.    For an award of its general, special, consequential, nominal and punitive
19   damages in an amount to be proved at trial;

20   2.    For an award of punitive damages;

21   3.    For an award of its costs and attorney fees;

22   4.    For such other and further relief as the Court deems just and proper.

23                        **COUNT VII: QUANTUM MERUIT**
24                           **(WADE DEFENDANTS)**

25   96.    Plaintiff incorporates all allegations set forth in this Complaint as though
26   fully set forth herein.

27   97.    As a direct, proximate and intended result of his breaches of contract and
28   wrongful conduct alleged herein, Defendant Wade has been unjustly enriched at AJF's

15

7639-0/TAC/TAC/540180_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1  expense and detriment in the amount and to the extent of the reasonable value of his

2  unauthorized use of and benefit gained from the Stolen Property, plus interest thereon at

3  the legal rate from and after the date he failed to return the Stolen Property through the

4  date of judgment.

5       98.     AJF is entitled to recover the reasonable value of Defendant Wade's

6  unauthorized use of and benefit gained from the Stolen Property, plus interest thereon.

7       99.     AJF is entitled to an award of its costs and attorney fees incurred in this

8  action pursuant to the Wade Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A)

9  and/or (C).

10       WHEREFORE, Plaintiff requests that judgment be entered against the Wade

    Defendants, and each of them, as follows:

11       1.     For an award of its damages in an amount to be proved at trial;

12       2.     For an award of its costs and attorney fees;

13       3.     For such other and further relief as the Court deems just and proper.

14

15  **COUNT VIII: BREACH OF CONTRACT (INDEMNITY)**
    **(WADE DEFENDANTS)**

16       100.     Plaintiff incorporates all allegations set forth in this Complaint as though

17  fully set forth herein.

18       101.     The Wade Contract provides in relevant part:

19
20       6. Indemnification.   Employee [Wade] covenants with
    Corporation [AJF] that Corporation shall not be liable for

21      any damage or liability of any kind or for any injury to or
    death of person or damage to property of any cause

22      whatsoever, by reason of the performance by Employee of
    the services set forth in this Agreement. . . . .and Employee

23      will indemnify and save harmless Corporation from all

24      liability whatsoever on account of any such real or claimed
    damage or injury . . . . This obligation to indemnify shall

25      include the retention of legal counsel and investigation costs
    and all other reasonable costs, expenses and liabilities from

26      the first notice that any claim or demand is to be made or

27      may be made.

28

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

16

1    (Wade Contract, Exhibit B, para. 6, p. 3).

2        102.    On or about February 10, 2005, Defendant Wade conducted a home

3    inspection as an AJF employee inspector for an AJF client at 5214 N. 31st Place, Phoenix,

4    Arizona (the "North31st Place Inspection").

5        103.    Defendant Wade conducted the North31st Place Inspection and prepared

6    and issued a home inspection report thereon in an incompetent and negligent manner,

7    failing to document a significant problem regarding a balcony and causing the client to

8    make a claim against AJF for payment of $3,800.00, the balcony's replacement cost.

9        104.    AJF negotiated and settled the $3,800.00 made against it claim for the

10   reasonable settlement amount of $1,100.00.

11       105.    AJF incurred attorney fees, costs, expenses and liabilities, all of which

12   are indemnity obligations of Defendant pursuant to Section 6 of the Wade Contract.

13       106.    Defendant has refused to indemnify AJF pursuant to his obligation to do

14   so pursuant to Paragraph 6 of the Wade Contract despite repeated demands to do so.

15       107.    As a direct and proximate result of Defendant Wade's breach of the

16   indemnity provisions of the Wade Contract, AJF is entitled to recover its general, special,

17   nominal and consequential damages, including, without limitation, all attorney fees, costs,

18   expenses and liabilities to be indemnified by Defendant pursuant to Section 6 of the Wade

19   Contract, in an amount to be proved at trial.

20       108.    AJF is entitled to an award of its costs and attorney fees incurred in this

21   action pursuant to the Wade Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A)

22   and/or (C).

23       WHEREFORE, Plaintiff requests that judgment be entered against the Wade

24   Defendants, and each of them, as follows:

25       1.    For an award of its general, special, consequential and nominal damages in

26   an amount to be proved at trial;

27       2.    For an award of its costs and attorney fees;

28       3.    For such other and further relief as the Court deems just and proper.

17

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1

2

3

**COUNT IX:  BREACH OF CONTRACT (INDEMNITY)**
**(JURASZEK DEFENDANTS)**

4

109.     Plaintiff incorporates all allegations set forth in this Complaint as though

5

fully set forth herein.

6

110.     The Juraszek Contract provides in relevant part:

7

8

9

10

11

12

13

14

15

> 13. Indemnification.  Contractor [Juraszek] covenants with
> Corporation [AJF] that Corporation shall not be liable for
> any damage or liability of any kind or for any injury to or
> death of person or damage to property of any cause
> whatsoever, by reason of the performance by Contractor of
> the services set forth in this Agreement. . . . .and Contractor
> will indemnify and save harmless Corporation from all
> liability whatsoever on account of any such real or claimed
> damage or injury . . . . This obligation to indemnify shall
> include the retention of legal counsel and investigation costs
> and all other reasonable costs, expenses and liabilities from
> the first notice that any claim or demand is to be made or
> may be made.

16

(Juraszek Contract, Exhibit C, para. 13, p. 6).

17

18

19

111.     On or about May 25, 2004, Defendant Juraszek conducted a home
inspection as an AJF employee inspector for an AJF client at 15901 E. Eagle Rock Dr.,
Fountain Hills, Maricopa County, Arizona (the "Eagle Rock  Inspection").

20

21

22

23

112.     Defendant Juraszek conducted the Eagle Rock Inspection and prepared
and issued a home inspection report thereon, which the client claims was performed in a
negligent and incompetent manner, causing the client to file a complaint against AJF for
failure to discover a material defect to the pool.

24

25

26

27

113.     AJF has incurred attorney fees, costs, expenses and liabilities, all of
which are indemnity obligations of Defendant pursuant to Section 6 of the Juraszek
Contract.  In addition AJF may incur costs in settling the matter or may incur a judgment
against it in the matter.

28

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

18

1    114.    Defendant has refused to indemnify AJF pursuant to his obligation to do

2    so pursuant to Paragraph 6 of the Juraszek Contract despite repeated demands to do so.

3    115.    As a direct and proximate result of Defendant Juraszek's breach of the

4    indemnity provisions of the Juraszek Contract, AJF is entitled to recover its general,

5    special, nominal and consequential damages, including, without limitation, all attorney

6    fees, costs, expenses and liabilities to be indemnified by Defendant pursuant to Section 13

7    of the Juraszek Contract, in an amount to be proved at trial.

8    116.    AJF is entitled to an award of its costs and attorney fees incurred in this

9    action pursuant to the Juraszek Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A)

10   and/or (C).

11   WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek

     Defendants, and each of them, as follows:

12   1.    For an award of its general, special, consequential and nominal damages in

13   an amount to be proved at trial;

14   2.    For an award of its costs and attorney fees;

15   3.    For such other and further relief as the Court deems just and proper.

16

17                          **COUNT X: BREACH OF CONTRACT**
18                    **(FAILURE TO RETURN COMPANY PROPERTY)**
                                      **(JURASZEK)**

19

20   117.    Plaintiff incorporates all allegations set forth in this Complaint as though

     fully set forth herein.

21

22   118.    The Juraszek Contract, a copy of which is attached as Exhibit C to this

     Complaint, provides in relevant part:

23
                        6.3 Post Termination.    Upon termination of Contractor's
24                      [Juraszek's] engagement, for any reason, Contractor shall
                        immediately: (a) deliver to Corporation [AJF] all materials,
25                      including but not limited to, any and all equipment, software,
                        computer disks, books and records, and all copies thereof,
26                      relating to Corporation's business . . . Contractor's
                        obligations under this Section 6.3 shall survive termination of
27                      this Agreement.
28
                                            19

7639-0/TAC/TAC/540180_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1

2 (Juraszek Contract, Exhibit C, para. 6.3, p. 2).

3      119.    Upon termination of his engagement with AJF, Defendant Juraszek

4 breached Section 6.3 of the Juraszek Contract by failing to return and deliver to AJF the

5 following property owned by and belonging to AJF and relating to AJF's business: (a)

6 textual materials comprising all or substantially all of the Protected Report and any copies

7 thereof; and (b) a personal computer (later returned by Juraszek in damaged and

8 unrepairable condition) (collectively, the "Stolen Property").

9      120.    Defendant's breach of Section 6.3 of the Juraszek Contract, by failing to

10 return the Stolen Property and by returning the damaged computer in unusable condition

11 upon termination of his engagement with AJF, was a material breach of the contract.

12      121.    Defendant has failed and/or refused to return the Stolen Property to AJF
despite repeated demands to do so.

13
      122.    As a direct and proximate result of Defendant's breach of Section 6.3 of

14 the Juraszek Contract, AJF is entitled to recover all general, special, consequential and

15 nominal damages in an amount to be proved at trial.

16      123.    AJF is entitled to an award of its costs and attorney fees incurred in this

17 action pursuant to the Juraszek Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A)

18 and/or (C).

19      WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek

20 Defendants, and each of them, as follows:

21      1.      For an award of its general, special, consequential and nominal damages in

22 an amount to be proved at trial;

23      2.      For an award of its costs and attorney fees;

24      3.      For such other and further relief as the Court deems just and proper.

25                         **COUNT XI: CONVERSION**
                                   **(JURASZEK)**
26

27      124.    Plaintiff incorporates all allegations set forth in this Complaint as though

28 fully set forth herein.

20

7639-0/TAC/TAC/540180_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3100 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

125.     As previously alleged, upon termination of his engagement with AJF, Defendant Juraszek failed to return and deliver the Stolen Property and returned the damaged computer in unusable condition to AJF.

126.     Each item of the Stolen Property is the property of AJF, as Defendant acknowledged and agreed to in Section 8 of the Juraszek Contract. (Juraszek Contract, Exhibit C, para. 8, p. 4).

127.     Defendant's conduct was knowing, intentional and wrongful and constitutes unlawful conversion of the Stolen Property for his own use and benefit.

128.     Defendant's conduct was willful or malicious and/or done with improper motive or reckless disregard for the consequences sufficient to support imposition of punitive damages.

129.     As a direct and proximate result of Defendant's conduct, AJF has sustained damages in an amount to be proved at trial.

130.     As a direct and proximate result of Defendant's conduct, AJF is entitled to recover all general, special, consequential, nominal and punitive damages in an amount to be proved at trial.

131.     AJF is entitled to an award of its costs and attorney fees incurred in this action pursuant to the Juraszek Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A) and/or (C).

WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek Defendants, and each of them, as follows:

1.     For an award of its general, special, consequential, nominal and punitive damages in an amount to be proved at trial;

2.     For an award of its costs and attorney fees;

3.     For an award of punitive damages;

4.     For such other and further relief as the Court deems just and proper.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

21

1
2

**COUNT XII:  QUANTUM MERUIT**
**(JURASZEK)**

3
4

132.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

5
6
7
8
9
10

133.     As a direct, proximate and intended result of Defendant Juraszek's breaches of contract and tortious conduct alleged herein, Defendant has been unjustly enriched at AJF's expense and detriment in the amount and to the extent of the reasonable value of his unauthorized use of and benefit gained from the Stolen Property, plus interest thereon at the legal rate from and after the date he failed to return the Stolen Property to AJF through the date of judgment.

11
12

134.     AJF is entitled to recover the reasonable value of Defendant Juraszek's unauthorized use of and benefit gained from the Stolen Property, plus interest thereon.

13
14
15

135.     AJF is entitled to an award of its costs and attorney fees incurred in this action pursuant to the Juraszek Contract and/or A.R.S. §12-341 and A.R.S. §12-341.01(A) and/or (C).

16
17

WHEREFORE, Plaintiff requests that judgment be entered against the Juraszek Defendants, and each of them, as follows:

18

1.     For an award of its damages in an amount to be proved at trial;

19

2.     For an award of its costs and attorney fees;

20

3.     For such other and further relief as the Court deems just and proper.

21
22
23

**COUNT XIII:  COPYRIGHT INFRINGEMENT**
**(JURASZEK DEFENDANTS – PROTECTED WEBSITE)**
**(17 U.S.C. §101 et. seq.)**

24
25

136.     Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

26
27

137.     Plaintiff has complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright and is the legal and registered owner

28

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

22

1    of the copyright to the Protected Website, as evidenced by the Certificate of Registration

2    No.TXu 1-277-801, attached as Exhibit D to this Complaint.

3         138.      Juraszek Defendants have copied and/or misappropriated the Protected

4    Website for their own use in violation of Plaintiff's federal copyright, using copies thereof

5    or works derived therefrom, and have profited from such activities for their own financial

6    gain and competitive advantage.

7         139.      Plaintiff is the sole owner of all rights, title and interest in and to the

8    Protected Website and related materials.

9         140.      Juraszek Defendants' conduct has been in willful violation of Plaintiff's

10    copyright.

11         141.      Upon information and belief, Plaintiff alleges that, as a direct and

12    proximate result of its wrongful conduct, Juraszek Defendants have realized, and continue

   to realize, profits and other benefits rightfully belonging to Plaintiff. Accordingly,

13    Plaintiff seeks damages pursuant to 17 U.S.C.A. §504 and 17 U.S.C.A. §505.

14         142.      Upon information and belief, Juraszek Defendants have willfully

15    engaged in, and are willfully engaging in, the acts complained of with oppression, fraud

16    and malice and in conscious disregard of the rights of Plaintiff, and, as such, Plaintiff is

17    entitled to the maximum statutory damages allowable.

18         143.      Plaintiff has suffered damages as a result of the infringing activities

19    alleged herein in an amount to be proven at trial.

20         144.      Plaintiff is entitled to recover statutory damages and, in addition, its

21    general, consequential, incidental and special damages, including, but not limited to, lost

22    profits and costs of injunctive relief.

23         WHEREFORE, Plaintiff requests that judgment be entered against Juraszek

24    Defendants as follows:

25         1.      For an order directing Juraszek Defendants to account to Plaintiff for all

26    gains, profits and advantages derived by them by their wrongful conduct;

27

28

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

23

2. Because Juraszek Defendants have intentionally infringed and continue to infringe Plaintiff's copyrights, for an award of the maximum allowable statutory damages for each copyright law violation;

3. For an award of actual and/or statutory damages in an amount to be determined at trial;

4. For an order directing Juraszek Defendants to disgorge all profits obtained by their wrongful conduct;

5. For an award of punitive damages;

6. For an award of attorney fees and other disbursements incurred in this action pursuant to 17 U.S.C.A. §505, 15 U.S.C. §1117; and

7. For such other and further relief as the Court deems just and proper.

## COUNT XIV: DIGITAL MILLENNIUM COPYRIGHT ACT
## (JURASZEK DEFENDANTS – PROTECTED WEBSITE)
## (17 U.S.C. §1202 et. seq.)

145. Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

146. Under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, it is a violation to intentionally remove or alter any copyright management information from a work protected under copyright.

147. Juraszek Defendants violated this provision when they intentionally removed the copyright notice from the Protected Website. Juraszek Defendant's conduct in this regard was willful, intentional, and malicious.

148. Plaintiff is entitled to recover statutory damages and attorneys' fees for these violations pursuant to 17 U.S.C. §1203.

WHEREFORE, Plaintiff requests that judgment be entered against Juraszek Defendants as follows:

24

7639-0/TAC/TAC/540180_v1

1.      Because Defendants have intentionally infringed and continue to infringe Plaintiff's copyrights, for an award of the maximum allowable statutory damages for each copyright law violation;

2.      For an award of actual and/or statutory damages in an amount to be determined at trial;

3.      For an order directing Defendants to disgorge all profits obtained by their wrongful conduct;

4.      For an award of punitive damages;

5.      For an award of attorney fees and other disbursements incurred in this action pursuant to 17 U.S.C.A. §1203; and

6.      For such other and further relief as the Court deems just and proper.

## COUNT XV: INJUNCTIVE RELIEF

149.    Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

150.    The violations of federal copyright laws and other rights alleged herein may all be properly enjoined.

151.    AJF has suffered and will continue to suffer irreparable harm unless Defendants' unlawful acts are enjoined.

152.    AJF has a strong likelihood of success on the merits.

153.    AJF has no adequate remedy at law to protect it and others from further or continuing infringement of its rights unless the Court issues an injunction prohibiting Defendants, and each of them, from committing any such further acts.

154.    The balance of hardships greatly favors AJF because its copyright and other rights alleged herein have been and will continue to be unlawfully misappropriated and used by Defendants.

7639-0/TAC/TAC/540180_v1

1     155.   Injunctive relief is consistent with law and public policy to prevent the

2     copyright violations alleged herein.

3     156.   AJF is entitled to injunctive relief, both preliminarily and permanently

4     enjoining Defendants, and each of them, and, if and to the extent applicable, their officers,

5     agents, employees, independent contractors or other persons acting under their supervision

6     and control or at their request, from committing any further or continuing acts of

7     copyright violations.

8     157.   To the extent applicable, and where authorized by law, AJF is entitled to

9     attorney fees and costs incurred in securing injunctive relief.

10

11    WHEREFORE, Plaintiff requests that judgment be entered against all Defendants,

12    and each of them, as follows:

13    1.   For an order immediately and permanently enjoining Defendants, and each

14    of them, and, to the extent applicable, their officers, directors, agents, servants,

15    employees, representatives, attorneys, related companies, successors, assigns and all

16    others under their supervision and control, at their request or in active concert or

17    participation with them, from copying, republishing, distributing or in any way using all

18    or any part or portion of Plaintiff's copyrighted materials and from encouraging or aiding

19    others to commit any such infringing acts;

20    2.   For an order that Defendants return to Plaintiff all of Plaintiff's copyrighted

21    materials and destroy all derivatives of the copyrighted materials that are in Defendants'
      possession;

22    3.   For an order awarding Plaintiff its costs, attorney fees, and disbursements in

23    this action pursuant to 17 U.S.C.A. §505, 15 U.S.C. §1117 and/or state law; and

24    4.   For such other and further relief as the Court deems just and proper.

25    ///

26    ///

27    ///

28    ///

26

7639-0/TAC/TAC/540180_v1

1    DATED this  22  day of September, 2006.

2

3

4                                    **JABURG & WILK, P.C.**

5

6

7                                    Maria Crimi Speth
                                     Thomas A. Connelly
8                                    Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

27

7639-0/TAC/TAC/540180_v1