**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AJF ENGINEERING, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIE JAMES WADE and JENNIFER WADE, husband and wife; WILLIE JAMES WADE dba THE ENGLISH INSPECTOR; STEVEN JURASZEK and STACEY JURASZEK dba INSPECT THE BEST, and FASTURTLE TECHNOLOGIES, LLC., an Arizona corporation,<br><br>    Defendants. | No. CV 05-3862-PHX-SMM<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS** |

      Pending before the Court is the Defendants' Motion for Judgment on the Pleadings (Doc. 73) filed pursuant to Fed.R.Civ.P. 12(c), for Count IV (Unfair Competition) of Plaintiff's Second Amended Complaint. Defendants assert that Plaintiff's Count IV is preempted by federal copyright law because the subject matter of the claim falls within the subject matter of the Copyright Act, and the asserted rights are equivalent to the exclusive rights protected by the Copyright Act. After careful consideration of the record, the Court hereby Orders the following.

## BACKGROUND

In April 2005, Defendant Steven Juraszek ("Juraszek") left the employ of Plaintiff AJF Engineering, Inc. ("AJF") and began performing home inspections individually and /or through Defendant Steven Juraszek d/b/a Inspect the Best ("ITB") (Doc. 39). In the Second Amended Complaint, AJF alleges in Count II and Count XIII respectively that Juraszek misappropriated and copied for his own use substantial portions of AJF's copyrighted home inspection report and AJF's protected website. (Doc. 39). In Count IV, AJF contend "the use by Defendants Juraszek and ITB of AJF's copyrighted materials to attempt to gain a competitive edge over AJF as alleged herein is actionable as an independent tort of unfair competition." (Doc. 39). In its Motion for Judgment on the Pleading (Doc. 73), Defendants contend that under § 301(a) of the Copyright Act, where the subject of a state law claim is within the Act's subject matter, and the asserted rights are equivalent to the exclusive rights of copyright holders (17 U.S.C. §301 (a)), the state law claims are specifically preempted by the Copyright Act. Plaintiff did not file a response to the Motion for Judgment on the Pleadings.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532-33 (9th Cir. 1999).

## PREEMPTION

Federal law "shall be the supreme Law of the Land ... and Thing in the Constitution or Law of any State to the Contrary notwithstanding," and state law in conflict with federal law is "without effect." *U.S. Const. art. VI, cl.2; Maryland v. Louisiana,* 451 U.S. 725, 746,

101 S.Ct. 2114 (1981). Federal law can preempt state law in three ways. One way is by express statutory command. *Morales v. Trans Word Airlines, Inc.,* 504 U.S. 374, 382, 112 S.Ct. 2031 (1992). Second, state law is preempted "where the scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress 'left no room' for the state to supplement it." *Rice v. Santa Fe Elevator Corp.,* 331 U .S. 218, 230, 67 S.Ct. 1146 (1947). Finally, state law is preempted where "compliance with both federal and state regulations is a physical impossibility" or state law "stands as an obstacle to the accomplishment and execution to the full purposes and objectives of Congress." *Fla. Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-43, 83 S.Ct. 1210 (1963); *Wis. Pub. Intervenor v. Mortier,* 501 U.S. 597, 111 S.Ct. 2476, 2481 (1991).

**DISCUSSION**

Defendants move this Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that the express statutory command of the Copyright Act preempts Plaintiff's state law unfair competition claim. Specifically, Defendants contend that Count IV of the Plaintiff's Second Amended Complaint is not distinct from its copyright infringement claims (Counts II and XIII). In other words, the claim falls within the subject matter of the Copyright Act, and the rights asserted by the Plaintiff are equivalent to exclusive rights protected by the Act. The Copyright Act provides in pertinent part:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of th copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come

within the subject matter of copyright as specified by sections 102 and 103...
are governed exclusively by this title.

17 U.S.C. § 301(a).

The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc*. 448 F.3d 1134, 1137 (9th Cir. 2006); *Del Madera Props. v. Rhodes & Gardner,* 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds*. The first prong requires the court to determine whether the state claim's subject matter is within the "subject matter of copyright as described in 17 U.S.C. §§ 102 and 103". *Id. (*citing *Del Madera Props,* 820 F.2d at 977).

§ 102. Subject matter of copyright: In general

(a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
(1) literary works;
(2) musical works, including any accompanying words;
(3) dramatic works, including any accompanying music;
(4) pantomimes and choreographic works;
(5) pictorial, graphic, and sculptural works;
(6) motion pictures and other audiovisual works;
(7) sound recordings; and
(8) architectural works.

§ 103. Subject matter of copyright: Compilations and derivative works

(a) The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.

(b) The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the

- 4 -

> preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. §§ 102 and 103.

In Count IV, Plaintiff alleges that "the use by Defendants Juraszek and ITB of AJF's copyrighted materials to attempt to gain a competitive edge over AJF as alleged herein is actionable as an independent tort of unfair competition." Said copyrighted materials consist of AJF's copyrighted home inspection report and AJF's copyrighted website. Sections 102 and 103 of the Act identify the works of authorship that constitute the "subject matter" of copyright. Section 102 of the Act extends copyright protection to "original works of authorship fixed in any tangible medium of expression ... from which they can be ... reproduced, ... either directly or with the aid of a machine or device." *Law*, 448 F.3d at 1134 (citing 17 U.S.C. § 102(a)). Specifically, that section defines a "work of authorship" to include "literary works." *Id.* § 102(a)(1). Further, "[a] work is 'fixed' in a tangible medium of expression when its embodiment...by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.* § 101. Here, the Court finds that AJF's copyrighted home inspection report and AJF's copyrighted website are within the definitions set forth in the Copyright Act.

The next prong requires the Court to determine whether the rights asserted under state law are equivalent to the copyright holder's exclusive rights contained in 17 U.S.C. §106; *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). "To survive

preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Del Madera Props. v. Rhodes & Gardner,* 820 F.2d 973, 977 (9th Cir. 1987)(citations omitted), *overruled on other grounds; Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1213 (9th Cir.1998); *Laws,* 448 F.3d at 1143.

> § 106. Exclusive rights in copyrighted works
>
> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

Thus, under Ninth Circuit jurisprudence, to survive preemption, the state claim must protect rights that are qualitatively distinct from the rights of the Plaintiff falling under the Copyright Act. *Laws,* 448 F.3d at 1143. "The state claim must have an extra element which changes the nature of the action." *Id.* (finding that plaintiff's state law misappropriation claims were preempted by the Copyright Act because the "commercial use" element was not sufficient to qualitatively distinguish its claim from a claim in copyright). In a case coming

- 6 -

out of the District of Arizona, the Court found that if the essence of Plaintiff's unfair competition claim is that Defendants used copyrighted works without authorization, then the unfair competition claim is preempted. Here, Plaintiff's unfair competition claim is based on the allegation that Defendants Juraszek and ITB misappropriated and used AJF's copyrighted materials to attempt to gain a competitive edge over AJF. Accordingly, the Court concludes that AJF's claim for unfair competition is based on "rights equivalent to those protected by the federal copyright laws." *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1213 (9th Cir.1998) (holding state law claim of unfair competition preempted by Copyright Act). Therefore, Defendants' Motion for Judgment on the Pleadings (Doc. 73) filed pursuant to Fed.R.Civ.P. 12(c), for Count IV (Unfair Competition) of Plaintiff's Second Amended Complaint is hereby **GRANTED** with prejudice.

## CONCLUSION

In viewing the allegations and inferences in the light most favorable to AJF, the Court finds that Count IV of Plaintiff's Second Amended Complaint is preempted by the Copyright Act, 17 U.S.C. § 106. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 73) is hereby **GRANTED** in favor of Defendants and Count IV of Plaintiff's Second Amended Complaint is hereby dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall withhold entry of judgment in Defendants' favor, as to Count IV of Plaintiff's Second Amended Complaint

alleging unfair competition under Arizona state law, until the entry of judgment adjudicating all claims, rights, and liabilities of the parties.

**DATED** this 15th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge